## WILLIAM O. STRONG *vs.* IRA MOE.

A guardian who has sold real estate of his ward under a license granted on the ground that it would be for the benefit of the ward that it should be sold and the proceeds put out at interest or invested in some productive stock, has no right to apply such proceeds towards the support of the ward, unless a necessity therefor, arising after the granting of the license, is clearly established.

APPEAL by the administrator of the estate of William W Moe from a decree of the judge of probate, allowing in part the account of Ira Moe as guardian of said William W. Moe, who was his son. In the account, as presented, the guardian charged himself with the proceeds of real estate sold, $513.07, and other items sufficient to make up the whole amount received by him to $862.97; and he asked to be allowed for the support of the ward the sum, including interest, of $1351.97, and other items sufficient to make up the whole amount for which he asked allowance to $1462.02. The judge of probate decreed that the sum of $599.05 be deducted from the sum for which the guardian asked to be allowed, thus leaving the account of receipts and disbursements, as allowed, to stand even.

It was agreed in this court that the guardian was appointed in June 1849, and that the ward was then seised of an interest in the real estate which was afterwards sold; that in April 1850 the guardian prayed for and obtained leave to sell the real estate on the ground that it would be for the benefit of the ward that it should be sold and the proceeds put out at interest or invested in some productive stock; that he accordingly sold the same, and in June 1850 received therefor the sum of $513.07; that he also received as the proceeds of personal estate the sum of $126.17; that, at the time of his appointment as guardian, the ward was nearly fifteen years old, and was interested in a small amount of other real estate besides that referred to above; that the ward has since died in New York, and the appellant is the administrator of his estate in this commonwealth; that the guardian has never settled any account with his ward or paid over or delivered the estate and effects remaining in his hands to the person lawfully entitled thereto, except so far as the same

may be considered to have been done by the account rendered as above; and that he did nothing further in the probate court till 1861, after he had been cited to render his account, and a suit had been commenced upon his bond.

A deposition of the guardian was offered, and excluded as incompetent; it being agreed that, if competent, it might be taken as a part of the evidence in the case. Its contents, however, became immaterial by the decision. It also appeared that the guardian was in embarrassed circumstances and in debt, and had no means of supporting his family but by his labor from day to day.

Upon these facts the case was reserved by *Hoar*, J. for the determination of the whole court.

*B. W. Whitney*, for the appellant.

*E. Pearson*, for the appellee.

DEWEY, J. The course of proceeding on the part of the guardian does not justify the application of the avails of the real estate of his ward, sold by virtue of the license obtained under the provisions of the Rev. Sts. *c.* 72, § 2, towards his support and maintenance, unless it be made clearly to appear that, subsequently to the granting of the license to sell and invest the proceeds, the same became necessary for his support, and that the ward was unable to support himself in a suitable and proper manner without expending such proceeds. If the situation of the ward and the want of pecuniary ability on the part of the father to furnish him with adequate support had required the real estate of the ward to be sold for that purpose, ample provision was made for such a case by the Rev. Sts. *c.* 72, § 1. The fact that the application was made for leave to sell the estate of the ward for the purpose of investing the proceeds negatives the idea that there was then any present necessity for using the avails for his support. The age of the ward and his apparent ability to earn his own support corroborate this view. In the opinion of the court, upon the evidence in the present case, no reason is shown for applying the proceeds of the sale of the land of the ward in discharge of any claim of his father for his board, clothing, custody and care ; and the sum realized

from the sale is not to be diminished by the allowance of such claims. But from the want of pecuniary ability of the father, an allowance to a reasonable and proper extent for support and maintenance, having regard to the amount of personal property of the ward and his income from real estate, and also the inter- est or income arising from the sum held for investment, may properly be made in favor of the guardian, though not beyond the amount received from those sources.

We have not found it necessary to consider the question raised as to the competency of the guardian as a witness in this case, the ward having deceased, inasmuch as the facts are not changed by the proposed testimony.

The decree of the judge of probate is reversed, so far as he has allowed the guardian for support, &c. any sums beyond the amount of the personal property of the ward and the income of the avails of the real estate sold, and other real estate which he may have owned. The sum of $513.07, which was realized from the sale of land, is not to be extinguished by any charges of the guardian, but a further deduction to that extent is to be made from the amount allowed to the guardian, and he is to be charged as now holding that sum, which is to be accounted for with the administrator of his ward.